# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      Case No. CIV-25-1094-J |
| | ) |
| JUSTIN FARRIS, Director, | ) |
| Oklahoma Department of | ) |
| Corrections, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Willie Green, a state prisoner proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241.[2] Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondent has moved to dismiss, Doc. 21, and Petitioner has not responded, and the time

---

[1]     This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]     Petitioner submitted his petition on the Court-supplied 28 U.S.C. § 2254 petition, *see* Doc. 1, but Petitioner is attacking the execution of his sentence. So, the Court construes the Petition as a § 2241 habeas petition. *See Davis v. Roberts,* 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241").

[3]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

for him to do so has expired. *See* LCvR7.1(g); *see also* Doc. 16. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Respondent's motion to dismiss, and deny Petitioner's habeas petition and dismiss the matter.

## I.    Petitioner's claims.

In Ground One, Petitioner alleges a violation of his Fourteenth Amendment due process rights in his disciplinary proceedings. Doc. 1, at 5. He contends he wrongly received a class X-1 misconduct sanction for his statements "threaten[ing] to kill [Lieutenant Nunn] and other correctional staff" if he did not receive his "religious halal meal." *Id.* at 5. He claims that "Lieutenant Nunn also states on the misconduct that [he] got the whole top tier to bang on [their] doors demanding kosher trays." *Id.* at 6.

In Ground Two, Petitioner alleges an Eighth Amendment violation occurred when his unit manager and Lieutenant Nunn "fabricated a lot of lies" that deprived Petitioner of "his right to be released from prison in 2024." *Id.* at 8-9. Petitioner states he has exhausted all his administrative remedies for both claims. *Id.* at 8, 11. He seeks the expungement of his misconduct and his immediate release. *Id.* at 17.

## II.    Respondent's motion to dismiss.

2

In part, Respondent moves for dismissal based on Petitioner's failure to exhaust his administrative remedies, but he does not articulate under what provision. *See* Doc. 21. Based on the argument presented, Fed. R. Civ. P. 12(b)(6) is the logical choice. *See, e.g.*, *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1289-90 (10th Cir. 2001) (discussing the appropriateness of a Rule 12(b)(6) dismissal in proceedings arising under § 2241). In ruling on such a motion, the Court's function "'is not to weigh potential evidence that the parties might present at trial, but to assess whether the [petition] alone is legally sufficient to state a claim for which relief may be granted.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-36 (10th Cir. 2014) (quoting *Peterson v. Grisham,* 594 F.3d 723, 727 (10th Cir. 2010)). To that end, "'[a]ll well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party.'" *Id.*[4]

---

[4]    Petitioner's time to respond to this motion has also long passed. LRCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court be deemed confessed."). And Petitioner is no stranger to litigation and this Court's local rules. *See Green v. Harpe*, No. CIV-25-966-J, 2026 WL 640982 (W.D. Okla. Mar. 6, 2026). Petitioner failed to respond to the motion, so the Court should find the motion confessed. Nonetheless, the undersigned will also address the merits of Respondent's motion as Petitioner proceeds pro se.

The Court notes that Respondent relies on exhibits attached to his motion to dismiss, which would ordinarily require the Court to convert the motion into one for summary judgment. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Here, however, Respondent's exhibits contain information relevant to Petitioner's exhaustion attempt, Doc. 21, Exs. 2 & 5, which Mr. Green referenced in his Petition. *See* Doc. 1, at 8, 11. For that reason, the Court need not convert the motion into one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("Notwithstanding . . . general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss"); *Perez-Romero v. Warden, GPCF/BOP, U.S.*, No. CIV-18-852-F, 2019 WL 2018481, at *2 (W.D. Okla. April 15, 2019) (construing Respondent's motion to dismiss under Rule 12(b)(6), and not converting to a Motion for Summary Judgment under similar circumstances).

III. **Petitioner has failed to exhaust the required administrative remedies.**

A. **Section 2241's exhaustion requirement.**

Although 28 U.S.C. § 2241 includes no explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Exhaustion requirements give agencies "an opportunity to correct [their] own mistakes . . . before [they are] hauled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90 (quotation omitted).

B.    **Oklahoma Department of Corrections' (DOC) exhaustion policy.**

Applicable to this action is DOC Policy OP-060125, "Inmate/Offender Disciplinary Procedures." *See* Doc. 21, Ex. 4. According to OP-060125 at (VIII)(A), an inmate has fifteen (15) calendar days after receipt of the disposition of a disciplinary proceeding to submit an appeal to the facility head (or equivalent). *Id.* at 26. Then, if the facility head affirms the finding of guilt, the inmate may then appeal to the Administrative Review Authority (ARA) and the appeal must be received by the ARA within fifteen (15) calendar days of the inmate's receipt of the due process review from the facility head and

5

"there is no mailbox rule."[5] *Id.* at 29. If an appeal is returned for being untimely, "the inmate may make one request to submit a disciplinary appeal out of time by completion of the 'Request to Submit a Misconduct/Grievance Appeal out of Time.'" *Id.* at 30.

### C. Petitioner failed to exhaust his administrative remedies.

On August 21, 2024, Petitioner was served with a Class X misconduct. Doc. 21, Ex. 2, at 2. He was found guilty on September 10, 2024. *Id.* at 6. Respondent states that Petitioner appealed the misconduct on September 16, 2024, and the misconduct was affirmed on October 6, 2024. Doc. 21, at 2 (citing Ex. 2, at 7-11).[6] In his appeal to the ARA, dated February 28, 2024,[7] and received by the ARA on March 5, 2025, Petitioner stated that he submitted "a

---

[5]    "The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (S. Ct. and L.Ed.2d citations omitted).

[6]    The documents Respondent cites relate to a disciplinary infraction dated June 23, 2024, which was the subject of another § 2241 petition before this Court. *See* Doc. 21, Ex. 2, at 7-11; *Green*, 2026 WL 642196, at *1-2 (Report and Recommendation).

[7]    This Court presumes this date is meant to be 2025. The appeal also notes the misconduct violated was dated "8-20-2025," which also appears to be a typographical error. *See* Doc. 21, Ex. 2, at 12.

misconduct appeal" to Warden Miller and received no response. *Id.* (citing Ex. 2, at 12-13). As Respondent notes, *id.* at 6, Petitioner should have directed the appeal to the ARA and not to Warden Miller. Doc. 21, Ex. 4, at 28-29, Part VIII.B. The ARA rejected the appeal as untimely. Doc. 21, Ex. 2, at 14. Respondent has submitted an affidavit from Stacey Sullivan, Administrative Manager of the ARA, who confirms that Petitioner filed the appeal and that it was received out of time. Doc. 21, Ex. 5. Ms. Sullivan, determined that "Inmate Green has not exhausted his administrative remedies with ARA." *Id.*

Petitioner needed to exhaust his administrative remedies before filing his habeas petition under 28 U.S.C. § 2241 and he has not done so. While it is true that exhaustion of administrative remedies is not required when it would be futile,[8] "[t]he futility exception . . . is quite narrow . . . . [and only] appl[ies] . . . when there has been an adverse decision disposing of the precise issue raised by the petitioner." *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009). And Petitioner does not suggest that the futility exception applies to his case. Instead, the facts and arguments underlying Petitioner's claim must have been

---

[8]    *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies. However, that requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile.") (internal citation omitted).

presented in the first instance through the administrative remedies available within the DOC. Because Petitioner has failed to exhaust those administrative remedies, the Court should grant Respondent's motion and dismiss the Petition.

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Respondent motion to dismiss, Doc. 21, deny Petitioner habeas relief and dismiss the Petition, Doc 1.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 10, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

9